IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                       :
JEAN KERCHER,                          :
                                       :
         Plaintiff                     :
                                       :
         v.                            :   CIVIL ACTION NO. 15-06674
                                       :
THE READING MUHLENBERG                 :
CAREER & TECHNOLOGY CENTER,            :
                                       :
         Defendant                     :
_____ :

Henry S. Perkin, M.J.                                      December 5, 2016

## MEMORANDUM

This matter is before the Court on Defendant Reading Muhlenberg Career & Technology Center's ("RMCTC") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

### Procedural History

This matter was initiated on December 17, 2015 by Jean Kercher ("Plaintiff" or "Ms. Kercher") alleging violations following a discharge from her position as Business Office Supervisor with the Reading Muhlenberg Career & Technology Center ("Defendant" or "RMCTC"). Defendant was served with the Complaint containing five counts on or around December 17, 2015. In Count I, Ms. Kercher alleges that RMCTC, her employer at the time, discriminated against her and treated her unfavorably because of her disability. In Count II, she

1

alleges that she was wrongfully terminated. In Count III, Ms. Kercher alleges that she was discharged from her position for retaliatory reasons. In Count IV, Ms. Kercher alleges that her discharge is a violation of the Family Medical Leave Act (hereafter "FMLA"). Lastly, in Count V, Ms. Kercher alleges a violation of her Due Process Rights.

On March 18, 2016, Defendant filed the instant Motion to Dismiss. On April 17, 2016, Ms. Kercher's Response to the Motion was filed. On May 2, 2016, Defendants filed a Reply Brief, and Plaintiff's Supplemental Brief was filed on May 4, 2016.

## Factual Background

Based on the averments in the Complaint viewed in the light most favorable to Plaintiff, the pertinent facts to this Court's determination are as follows:

Ms. Kercher was employed as the Business Office Supervisor at RMCTC located in Reading, Pennsylvania. Compl., ¶ 13. At some point during her employment, Ms. Kercher suffered chronic health issues, causing her to request intermittent leave under FMLA. Id., ¶ 14-5. RMCTC, under advisement of counsel, granted Ms. Kercher time off under FMLA. Id., ¶ 16-7. During her time off, Ms. Kercher avers that Mr. Gerald Witmer (hereafter "Mr. Witmer"), her immediate supervisor, assigned additional work and responsibilities knowing that Ms. Kercher would have difficulty completing her work. Id., ¶ 18-9. Ms. Kercher also alleges that Mr. Witmer's actions were made in retaliation to a prior complaint of harassment filed by Ms. Kercher. Id., ¶ 20. Ms. Kercher further alleges that she attempted to keep up with the extra work, which included submitting certain business reports, during her time off. Id., ¶ 21-2. Ms. Kercher avers that she submitted these reports late because another staff member would not submit the information necessary to complete her reports in a timely fashion. Id., ¶ 22-3. Ms.

Kercher informed this issue of the staff member sending her information late to Mr. Witmer on several occasions. Id., ¶ 24. However, Ms. Kercher alleges that Mr. Witmer never took any action on this matter, except to discipline Ms. Kercher for her late reports. Id., ¶ 25.

On November 19, 2014, Ms. Kercher went to an informal Loudermill[1] hearing, during which testimony and evidence was presented. Id., ¶ 26-7. Following this informal hearing, Ms. Kercher was informed that she was suspended from her position without pay, and formal proceedings would follow. Id., ¶ 28-9. The first hearing was on March 31, 2015 and four board members of RMCTC were present. Id., ¶ 29-30. A second hearing was held on June 9, 2015, again with four board members, but only two of them were present at the first hearing. Id., ¶ 32. Ms. Kercher avers that neither she nor her counsel was previously informed that the same school board members would not be present at the June 9th hearing. Id., ¶33. Ms. Kercher's counsel requested that the hearing be rescheduled to a later date so the original four board members present at the March 31st hearing could all be present. Id., ¶ 34. RMCTC denied this request and continued to hold the hearing on June 9th, after which Ms. Kercher was terminated from her position. Id., ¶ 36-7.

## Standard of Review

On a motion to dismiss for failure to state a claim, courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Alleghany, 515 F.3d 224 (3d Cir. 2008). "While a complaint attacked by a Rule

---

[1] A Loudermill hearing is a pre-termination hearing that does not have to "definitively resolve the propriety of the discharge," but should serve as an "initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545 (1985); see also Bell v. Burson, 402 U.S. 535, 540 (1971).

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007) (citing Papasan v. Allain, 478 U.S. 265, 268).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 668.  "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

When facing a motion to dismiss for failure to state a claim, district courts are directed to conduct a three-part analysis.  Connelly v. Lane Constr. Corp., 809 F.2d 780, 787 (3d Cir. Jan. 11, 2016).  First, it must "take[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675.  Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of the truth." (citation and editorial marks omitted)).  Finally, "[when] there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. Lum v. Bank of Am.,

4

361 F.3d 217, 222 n.3 (3d Cir. 2004).  A district court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1996 (3d Cir. 1993).  To consider such evidence, the court must provide the parties notice and must then convert the motion to dismiss into a motion for summary judgment.  See O'Neil v. Chester Downs & Marina, LLC, No. CV 15-01902, 2015 WL 5240045, at *3 (E.D. Pa. Sept. 8, 2015).  However, the decision of whether or not to convert the motion into one for summary judgment, as well as the decision of "whether to accept or exclude materials outside the pleadings", is within the court's discretion.  Id.; see also Owens v. Hahnemann Univ., No. CIV. A. 94-4654, 1995 WL 392516, at *2 (E.D. Pa. June 27, 1995).

## Discussion

**A. Claim for Discrimination based on Plaintiff's Disabilities (Count I)**

Under FMLA, an employer must allow an employee to take leave "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C.A. § 2612(a).  An employer is prohibited from interfering with or discriminating against an employee's exercise or attempt to exercise any right granted by the FMLA.  29 U.S.C.A. § 2615(a)(1)-(2).

Plaintiff alleges that she suffers from a disability which entitled her leave under FMLA, and during her leave, Defendant began to treat her unfavorably by assigning her more responsibilities.  Compl., ¶ 39, 43.  Defendant states that there is no cause of action for discrimination under the FMLA in the instance where an employee has already been granted leave; instead, an employee can bring a cause of action under the Americans with Disabilities

Act or Rehabilitation Act if an employer discriminates against an employee for his or her disability. Def. Supp. Brief, p. 6; Mot., p. 4-6. Based on the allegations and facts in the Complaint, the Court does not find Plaintiff's claim for discrimination based on her disability properly founded because an employee may not bring a claim of discrimination specifically based on the employee's disabilities under FMLA. Therefore, the Court will grant Defendant's Motion to Dismiss with regard to this claim with an opportunity for Plaintiff to amend her Complaint.

### B. Claim for Wrongful Discharge (Count II)

In order to make a claim of wrongful discharge under FMLA, a plaintiff must bring the claim under an interference[2] or retaliation[3] theory against an employer. Thomas v. St. Mary Med. Ctr., 22 F.3d 459,473 (3d Cir. 2014)(citing Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009). Because there is no distinct claim for wrongful discharge, a failure to bring the claim under an interference or retaliation claim warrants a dismissal. Id. In this case, Plaintiff fails to state a distinct claim for a FMLA wrongful discharge under either an interference or retaliation theory. Therefore, the Court will grant Defendant's Motion to Dismiss with regard to this claim with an opportunity for Plaintiff to amend her Complaint.

### C. Claim for Retaliatory Discharge (Count III)

To make a claim of retaliation under the FMLA, Plaintiff "must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." Lichtenstein v. Univ.

---

2 "In order to assert a claim of interference, an employee must show that he was entitled to benefits under the FMLA and that his employer illegitimately prevented him from obtaining those benefits." Sarnowski v. Air Brooke Limousine, 510 F.3d 398, 401 (3d Cir. 2007).

3 A complete discussion of the requirements of bringing a retaliation claim will follow, *infra*.

of Pittsburgh Med. Ctr., 691 F.3d 294, 301-02 (3d Cir. 2012).  The causal connection between the plaintiff's right to invoke leave and an adverse employment decision can be inferred by looking at the "record as a whole."  Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000).  Causation can be contrasted with temporal proximity where causation is "an element of plaintiff's prima facie case, and temporal proximity [antagonism] merely provides an evidentiary basis from which an inference can be drawn."  Id.

Plaintiff alleges that while on her leave granted under the FMLA, Mr. Witmer used her leave as an opportunity to assign her additional job requirements and work that he was aware she would not be able to complete due to her disability.  Compl. ¶ 60-5. Plaintiff further contends that Mr. Witmer did so in retaliation for her requesting leave and as a "scheme" to later fire her. Id.  Defendant moves for dismissal of Ms. Kercher's claim in Count III of the Complaint on the basis that Plaintiff fails to allege any facts demonstrating the temporal relationship between the FMLA leave and the adverse employment action or any facts establishing a pattern of antagonism.  Mot., p. 8-9. Further, Defendant claims that Plaintiff's work performance has been unsatisfactory since 2011.  Id.  Plaintiff, in response, had alleged that Defendant did not take any action regarding the Plaintiff's work performance until after she made her leave request. Resp., p. 6.

Taking the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff provides sufficient, although few, facts to support her claim for retaliation.  Therefore, the Court will deny Defendant's Motion with regard to this claim.

**D. Claim for Violations of FMLA (Count IV)**

As discussed previously, an employee may bring two causes of action under FMLA—a

retaliation claim or an interference claim.  Thomas, 22 F.3d at 473.  A retaliation claim may be raised if an employee can prove that "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights."  Lichtenstein, 691 F.3d at 301-02.  An interference claim can be raised where an employee demonstrates that she was entitled to benefits but an employer "impermissibly denied [her] those benefits."  Sarnowski, 510 F.3d at 401.

Viewing the facts in the Complaint most favorable to the Plaintiff, the Court finds that Plaintiff has set forth sufficient facts to support a retaliation claim for violations of FMLA.  She requested and was granted FMLA leave.  During her leave, Mr. Witmer increased her job duties and she was unable to meet her job demands when she returned from leave, resulting in her discharge.  Therefore, the Court will deny Defendant's Motion with regard to this claim.

**E. Claim for Violations of Plaintiff's Due Process Rights (Count V).**

Before there is a deprivation of life, liberty, or property, there should first be "notice and opportunity for hearing appropriate to the nature of the case."  Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532 (1985) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)).  Plaintiff alleges that she was not awarded proper notice or an opportunity to be heard at the Loudermill hearings.  Compl., ¶ 78-87.  Plaintiff avers that because two of the original four board members present at the first hearing were not present at the second hearing and instead, replaced by two new board members, she did not have a fair hearing.   Compl., ¶ 79.  In response, Defendant contends that even though the reviewing board members were not the same at both hearings, provided that the board members give careful consideration to the transcript of the hearing and all other exhibits entered into evidence, due process is satisfied.

Mot., p. 11.  Further, Defendant states that Plaintiff had an opportunity to be heard at the second hearing, but failed to attend the hearing.  Def. Rep. Brief., p. 8.  In her response brief, Plaintiff alleges that she did not receive proper notice signed by the appropriate officials in violation of Section 11-1127 of the School Code, making the letter regarding the hearing effectively unsigned.  Pl. Supp. Brief, p. 2.  Following development of the record, the Court's determination on this issue may be different, but at this point, Defendant's Motion on this claim must be denied.

## Conclusion

Defendant RMCTC's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P 12(b)(1) and 12(b)(6) is GRANTED for Count I and II of Plaintiff's Complaint, and DENIED in all other aspects.  Plaintiff will be granted an opportunity to amend her Complaint as to Counts I and II.[4]  An Order follows.

---

4 Plaintiff has requested permission to amend her Complaint if the Court grants Defendant's Motion to Dismiss, or if the Court deems it necessary.  Pl. Resp. Brief p. 8.  The Court will allow Plaintiff to amend Counts I and II only.